[ECF No. 20]

THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| JAMAL ALLEN,<br><br>              **Plaintiff,**<br><br>   v.<br><br>LIBERTY MUTUAL FIRE INSURANCE COMPANY,<br><br>              **Defendant.** | Civil No. 24-7152 (EAP) |

## MEMORANDUM OPINION

This matter comes before the Court on Plaintiff Jamal Allen's ("Plaintiff") September 27, 2024 Motion for Leave to File an Amended Complaint to add nonparty Olivia Stifel as a defendant. ECF No. 20 ("Pl.'s Motion). Plaintiff's Motion is unopposed. For the following reasons, Plaintiff's Motion is **DENIED WITHOUT PREJUDICE**.

## FACTUAL BACKGROUND

This case stems from a motor vehicle accident that occurred on or about August 12, 2023. Plaintiff Jamal Allen was a passenger in a Lyft vehicle that collided with third-party tortfeasor Olivia Stifel. ECF No. 20, Certification of Christopher J. Green ("Green Certif.") ¶¶ 1, 3. At the time of the accident, Stifel[1] was insured with a policy of liability insurance of $50,000 by State Farm Insurance. *Id.* ¶ 7. Because Stifel's insurance was "inadequate to fully compensate Plaintiff

---

[1] Stifel and Plaintiff are residents of Pennsylvania. Green Certif. ¶¶ 2, 6.

for the injuries sustained," Plaintiff looked to his own underinsured motor vehicle coverage with Defendant Liberty Mutual Fire Insurance Company.  *Id.* ¶ 4.

When Plaintiff filed this lawsuit, he did not bring claims against Stifel because Plaintiff was in settlement negotiations with State Farm and "was hopeful that the matter would resolve." *Id.* ¶ 9.  Unfortunately, settlement efforts were unsuccessful.  *Id.* ¶ 10.

On September 12, 2024, Plaintiff informed the Court that he "intend[ed] to file suit against Ms. Stifel" but stipulated that because Stifel was a Pennsylvania resident, "New Jersey has no jurisdiction over her and joinder is not feasible."  ECF No. 16, Pl.'s First Ltr.  Plaintiff then stated his intention to file an action in state court and requested that the Court dismiss his claim without prejudice or stay the proceedings "pending the outcome of the case against Ms. Stifel."  *Id.*

On September 16, 2024, the Court issued an Order instructing Plaintiff that if he sought to dismiss the matter or stay proceedings, he should file an appropriate proposed order.  ECF No. 18, Order.

On September 27, 2024, Plaintiff sent a letter to the Court stating that "[u]pon further review of this matter, Plaintiff believes that Stifel may be properly joined into this case under the Court's supplemental jurisdiction."  ECF No. 19, Pl.'s Second Ltr.  Plaintiff then filed the present motion.  Pl.'s Motion.  In his motion, Plaintiff states that he "does not dispute that the addition of Defendant Stifel destroys complete diversity."  Pl.'s Motion at 9.[2]  Plaintiff, however, argues that because Stifel was not "an indispensable party at the time of Plaintiff's filing," joining her now "would not be inconsistent with the jurisdictional requirements, and intent, of 28 U.S.C. § 1332."  *Id.* at 9-10.

---

[2] The Court cites to the page numbers generated by ECF because Plaintiff's filing does not contain internal pagination.

2

## DISCUSSION

"Federal courts are courts of limited jurisdiction." *Philip v. Atl. City Med. Ctr.*, 861 F. Supp. 2d 459, 466 (D.N.J. 2012) (quoting *Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 418 (3d Cir. 2010). To adjudicate a claim, a federal court must "be certain that there is a basis for [its] authority to hear each suit before proceeding to the merits." *Peace Church Risk Retention Grp. v. Johnson Controls Fire Prot. LP*, 49 F.4th 866, 869-70 (3d Cir. 2022) (citing *Zambelli Fireworks*, 592 F.3d at 418). Under 28 U.S.C. § 1332(a), federal courts can have jurisdiction over a claim based on diversity if the amount in controversy exceeds $75,000 and there is complete diversity between the parties. *Zambelli Fireworks*, 592 F.3d at 419. The analysis of whether a federal court has jurisdiction over a claim or a party "depends upon the state of things at the time of the action brought." *Grupo Dataflux v. Atlas Global Grp., L.P.*, 541 U.S. 567, 570 (2004). Questions regarding whether subject matter jurisdiction exists over a claim "premised upon diversity of citizenship" is measured "against the state of facts that existed at the time of filing." *Id.* at 571.

When a federal court lacks an independent basis to exercise subject matter jurisdiction over a claim, Congress has provided that federal courts can exercise supplemental jurisdiction over such claims if they "are so related to claims within the court's jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." *HB Gen. Corp. v. Manchester Partners, L.P.*, 95 F.3d 1185, 1197 (3d Cir. 1996) (internal quotations omitted); *see also Lyon v. Whisman*, 45 F.3d 758, 759-60 (3d Cir. 1995) ("Congress has authorized district courts to exercise jurisdiction supplemental to their federal question jurisdiction in 28 U.S.C. § 1367 . . . .").

Nonetheless, supplemental jurisdiction does not exist "over certain pendent state-law claims where original jurisdiction is based on diversity rather than a federal question." *De Asencio*

3

*v. Tyson Foods, Inc.*, 342 F.3d 301, 308 n.11 (3d Cir. 2003). 28 U.S.C. § 1367(b) states in relevant part:

> In any civil action of which the district courts have original jurisdiction founded solely on section 1332 of this title, the district courts shall not have supplemental jurisdiction under subsection (a) over claims by plaintiffs against persons made parties under Rule 14, 19, 20, or 24 of the Federal Rules of Civil Procedure . . . when exercising supplemental jurisdiction over such claims would be inconsistent with the jurisdictional requirements of section 1332.

28 U.S.C. § 1367(b). Notably, § 1367(b) "explicitly excludes supplemental jurisdiction over claims against defendants joined under Rule 20."[3] *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 560 (2005).[4] Indeed, "parties that are joined under Rules 19 or 20 . . . must independently satisfy the basic jurisdictional requirements for diversity cases . . . ." 13A Charles A. Wright & Arthur R. Miller, *Federal Practice & Procedure* § 3608 (3d ed. June 2024 update) (footnotes omitted). "This limitation on supplemental jurisdiction is thought to be necessary in order to prevent diversity jurisdiction from being artificially created by utilizing Rule 19 or Rule

---

[3] Federal Rule of Civil Procedure 20 governs the permissive joinder of parties to a claim, allowing plaintiffs to join multiple defendants in a single proceeding. *Burns v. Boston Sci. Corp.*, No. 18-12323, 2019 WL 1238829, at *4 (D.N.J. March 18, 2019). A party may be joined as an additional defendant to a plaintiff's claim under the rule if a plaintiff seeks relief against the additional defendant "jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences" and if the plaintiff's claims against the additional defendant shares "any question of law or fact common to all defendants" in the action. *Id.* at *4; *see also* Fed. R. Civ. P. 20(b)(2).

[4] In cases where the plaintiff seeks to add a non-diverse defendant after removal from state court, 28 U.S.C. § 1447(e) governs whether a district court should permit or deny joinder that would destroy complete diversity. Section 1447(e) states in relevant part that "[i]f after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." The Third Circuit has adopted the four-factor analysis under 1447(e) as set forth by the Court of Appeals for the Fifth Circuit in *Hensgen v. Deere & Co.*, 833 F.2d 1179, 1182 (5th Cir. 1987). *See Hayden v. Westfield Ins. Co.*, 586 F. App'x 835, 840-41 (3d Cir. 2014).

Here, however, the case was originally filed in federal court, meaning that § 1447(e) does not apply, and the Court has no authority to permit joinder and then remand the case to state court. Therefore, the Court applies the standards set out under § 1367(b).

20 to bring in a non[-]diverse party after the initial complaint is filed; if it were otherwise, the rule of complete diversity might be undermined and the limited subject matter jurisdiction of the federal courts improperly expanded." *Id.*

Here, Plaintiff seeks to join Stifel as a defendant for damages arising out of a motor vehicle collision in which he sustained severe injuries. Pl.'s Certif. ¶ 12 & Ex. A, Proposed Amended Complaint ¶¶ 16-18, 22. Plaintiff now seeks to bring claims against both Defendant Liberty Mutual and Stifel that arise out of or relate to the same occurrence. The claims against both parties would involve common questions of law or fact such that Stifel would be joined as a Rule 20 defendant. As such, the Court must determine whether it can exercise subject matter jurisdiction over Plaintiff's claim against Stifel under § 1367(b) and § 1332. Based on an analysis of the facts and the law, the Court finds that it cannot.

Both Plaintiff and Stifel are residents of Pennsylvania. Green Certif. ¶¶ 2, 6. Plaintiff himself concedes that joining Stifel to this matter would destroy complete diversity. Pl.'s Motion at 9. This Court's jurisdiction over Plaintiff's original claim against Defendant Liberty Mutual is based on diversity of citizenship. *See* ECF No. 6, Am. Compl. ¶ 6. Therefore, to exercise supplemental jurisdiction over Stifel, jurisdiction must comport with the requirements under § 1367(b). That statute states that federal courts "shall not have supplemental jurisdiction under subsection (a) over claims by plaintiffs against persons made parties" under Rule 20, among other rules, because such joinder is inconsistent with the jurisdictional requirements under § 1332.[5]

Plaintiff's reliance on *Freeport-McMoRan v. K.N. Energy*, 498 U.S. 426 (1991) in support of his argument is misplaced. That case involved a substitution of parties pursuant to Federal Rule

---

[5] Plaintiff argues that Stifel was not an indispensable party at the commencement of his suit against Defendant Liberty Fire Mutual Insurance, and therefore did not need to be joined at the outset of litigation. Pl.'s Motion at 9. The Court's analysis of the facts and the law would be no different if the Court applies Rule 19, which governs the compulsory joinder of parties.

of Civil Procedure 25. In *Freeport-McMoRan*, after the plaintiff sued the defendant, plaintiff transferred its interest in the lawsuit to a limited partnership. *Id.* at 427. Plaintiff then sought, pursuant to Rule 25, leave to amend its complaint to substitute the new limited partnership as a plaintiff, even though the new limited partnership had the same citizenship as the defendant. *Id.* The United States Supreme Court found that because the plaintiffs and the defendant were diverse at the time the breach of contract action arose and when the federal proceedings commenced, subsequent events unrelated to the litigation did not defeat diversity. *Id.* at 428-29. Contrary to Plaintiff's argument here, *Freeport-McMoRan* has never been extended beyond cases involving the joinder of parties outside of Rule 25. *See Martinez v. Duke Energy Corp.*, 130 F. App'x 629, 635 (4th Cir. 2005) (stating that applying *Freeport-McMoRan* to non-Rule 25 cases would allow plaintiffs to be "free to circumvent the requirement of complete diversity simply by suing one or more diverse joint tortfeasors" and then adding non-diverse tortfeasors); *see also Am. Fiber & Finishing, Inc. v. Tyco Healthcare Grp., LP*, 362 F.3d 136, 140 (1st Cir. 2004) (noting that the Supreme Court's holding in *Freeport-McMoRan* was "referring mainly to post-filing transfers of interest—not to all post-filing additions of non-diverse parties"); *Estate of Alvarez v. Donaldson Co., Inc.*, 213 F.3d 993, 994-95 (7th Cir. 2000) (noting that *Freeport-McMoRan* "looked at a limited part of diversity in which there was a substitution of parties."); *Omni Equities, Inc. v. Pearl S. Buck Found.*, 850 F. Supp. 290, 297 n.12 (E.D. Pa. 1994) (noting that plaintiff's reliance on *Freeport-McMoRan* to support its argument that the addition of a non-diverse party after filing a complaint did not destroy diversity was "out of context" because "that case dealt with a substitution of parties").

Here, Plaintiff is not seeking to substitute Stifel as a defendant for one of the existing defendants; instead, he is seeking to add an original claim against Stifel in federal court. To permit Plaintiff first to sue a diverse defendant and then bring in Stifel under supplemental jurisdiction

6

would result in an end-run around both the statute and well-established case law. *See* 28 U.S.C. § 1367(b) ("[D]istrict courts *shall not* have supplemental jurisdiction under subsection (a) over claims *by plaintiffs* against persons made parties under Rule 14, 19, 20, or 24 . . . when exercising supplemental jurisdiction over such claims would be inconsistent with the jurisdictional requirements of § 1332." (emphasis added)); *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 374-75 (1978) (stating that if the only requirement for supplemental jurisdiction was "a common nucleus of operative fact," then "there would be no principled reason" for why a plaintiff could not simply bring an original claim against a non-diverse defendant in the first instance).

Finally, Plaintiff's assertion that permitting him to amend his complaint and join Stifel as a defendant would "expedite the resolution of this matter" and "conserve future judicial resources" does not permit the Court to exercise subject matter jurisdiction over a claim where none exists. Pl.'s Motion at 8. "[N]either the convenience of litigants nor considerations of judicial economy can suffice to justify extension of the doctrine of ancillary jurisdiction to a plaintiff's cause of action against a citizen of the same State in a diversity case." *Owen Equip. & Erection Co.*, 437 U.S. at 377.

## CONCLUSION

For the foregoing reasons, Plaintiff's motion is denied. If Plaintiff wishes to pursue his claims against Stifel, Plaintiff may—as previously instructed by the Court's September 16, 2024 Order, ECF No. 18—file an appropriate proposed order seeking voluntary dismissal or a stay of the proceedings while he pursues litigation against Stifel in state court.

An appropriate Order shall follow.

s/Elizabeth A. Pascal
ELIZABETH A. PASCAL
United States Magistrate Judge
